IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | Crim. Action No. 1:11-CR-5(3) |
| v. | § | |
| | § | JUDGE RON CLARK |
| MARK WAYNE MIKSCH | § | |

## OPINION AFFIRMING JUDGMENT OF MAGISTRATE

Defendant Mark Wayne Miksch pled guilty before, and was sentenced by, United States Magistrate Judge Keith F. Giblin on one misdemeanor count of willful failure to file a tax return in violation of 26 U.S.C. § 7203. He then filed a Notice of Appeal with the Fifth Circuit, which was subsequently transferred to this court in accordance with 18 U.S.C. § 3402. A briefing schedule was entered. Mr. Miksch's counsel then moved for leave to withdraw and filed a brief pursuant to *Anders v. California*, 386 U.S. 783, 87 S. Ct. 1396 (1967).

After careful review of the record, the briefing, and speaking with Mr. Miksch on the record at the January 11, 2013 hearing, the court has no reason to conclude that Mr. Miksch's sentence was unreasonable under the facts of this case. The court affirms the judgment sentencing Mr. Miksch to 10 months.

## I. BACKGROUND

Judge Giblin sentenced Mr. Miksch in this misdemeanor case. A plea agreement was entered into between the Government and Mr. Miksch, which provided that Mr. Miksch would receive 12 months probation and no jail time. The plea agreement was rejected by Judge Giblin, and Mr. Miksch was sentenced to 10 months imprisonment with an original self-surrender date of July 3, 2012. Doc. # 150. Because Mr. Miksch had been undergoing cancer treatment, that date has been extended several times and Mr. Miksch has not yet surrendered.

In October 2012, Mr. Miksch's counsel filed an *Anders* appellate brief and motion to withdraw as counsel. Docs. # 174, 175. This brief does not present any issue on appeal; rather, it "invite[s] this Honorable Court to review the sentence for reasonableness." Doc. # 174 at 13. Mr. Miksch was afforded the opportunity to respond to the *Anders* brief and motion to withdraw as counsel. Doc. # 176. In response, Mr. Miksch sent a letter to the court explaining that he was still undergoing cancer treatment. The court entered an Order directing Mr. Miksch to submit any medical documents supporting his claim of ongoing treatment to chambers by January 3, 2013. Doc. # 179. Mr. Miksch did so in a timely manner.

The court held a hearing on January 11, 2013 to address the issue of Mr. Miksch's ongoing cancer treatment. After careful examination of the medical documentation provided, the court concluded that while Mr. Miksch was receiving some follow-up care, there were no surgeries or procedures currently scheduled that would necessitate postponing or changing his 10 month sentence. Taken as a whole, the record indicated no reason to conclude that Mr. Miksch's sentence was unreasonable under the circumstances. The court did extend Mr. Miksch's self-surrender date from January 26, 2013 to February 21, 2013, and stated that it would allow Mr. Miksch to serve his sentence in a split or intermittent manner—i.e., 5 months in jail, followed by 1 week of release to take care of any doctor's appointments, and a return to jail for the remaining 5 months of his sentence.

## II. STANDARD OF REVIEW

*Anders* "established standards for a court-appointed attorney who seeks to withdraw from a direct criminal appeal on the ground that the appeal lacks an issue of arguable merit. After a conscientious examination of the case, the attorney must request permission to withdraw and submit a brief referring to anything in the record that might arguably support the appeal." *United States v. Flores*, 632 F.3d 229, 231 (5th Cir. 2011). An *Anders* brief must contain a detailed checklist and

outline, and counsel is required to provide a copy of the brief to the Defendant. The brief's Certificate of Service should include a statement that this requirement has been complied with. *Id.* at 232. In the instant case, counsel's brief complies with *Anders* and *Flores* and a copy of the brief was mailed to Mr. Miksch on October 22, 2012. Doc. # 174 at 26.

The brief raises only the argument that Mr. Miksch's sentence was unreasonable. "This Court reviews federal sentences under an abuse-of-discretion standard . . . Our review of sentencing decisions is limited to determining whether they are reasonable." *United States v. Fraga*, –F.3d–, 2013 WL 127840 at *4 (5th Cir. Jan. 10, 2013) (internal quotation omitted). "Under that standard, this court must evaluate whether the . . . court procedurally erred before [it] consider[s] the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *United States v. Receskey*, 699 F.3d 807, 809 (5th Cir. 2012) (internal quotation omitted; brackets in original).

### III. DISCUSSION

As noted above, the *Anders* brief does not present any issue on appeal but instead "invites" the court to review Mr. Miksch's sentence for unreasonableness based on: (1) his criminal history category of I; (2) that he has now met his tax obligations to the IRS; (3) his ongoing cancer treatment; and (4) the fact that the charges against both of his co-Defendants were dismissed by the Government.

For the reasons discussed on the record at the January 11 hearing, the court has no reason to conclude that Mr. Miksch's sentence was unreasonable in this case. The 10 month sentence was within the 1 year statutory maximum for this misdemeanor. 26 U.S.C. § 7203. As Mr. Miksch's sentence would be capped at 1 year given this statutory maximum, the sentence is far below the properly calculated 18-24 month Sentencing Guidelines range.

First, with respect to criminal history, Mr. Miksch is in category I. However, he received a point for a 2003 drug conviction in state court and received no points at all for a 1986 Driving While Intoxicated charge. Mr. Miksch may have limited criminal history, but he does have some. Even if he had no criminal history at all, a 10 month sentence is not unreasonable given the seriousness of the charges on which Mr. Miksch was indicted and the tax offense to which he ultimately pled. That he has now paid his obligations to the IRS does not negate the fact that he pled guilty to failing to file his returns.

Second, as discussed at the January 11 hearing, the court finds the record devoid of any evidence that Mr. Miksch will be undergoing any surgical procedure in the near future or requiring any follow-up care beyond routine office visits. Regardless, the court has taken Mr. Miksch's medial condition into account and split the sentence to allow him time to make doctor's appointments in five months' time.

Finally, the court notes that "[t]he government has great discretion in deciding whether, and which offenses, to prosecute . . . substantial deference is accorded decisions requiring the exercise of prosecutorial discretion . . . ." *United States v. Molina*, 530 F.3d 326, 332 (5th Cir. 2008) (internal quotation omitted). The court takes no position on whether the Government should have pursued charges against Mr. Miksch's co-Defendants; the simple fact is that it chose not to. That choice does not affect the reasonableness of Mr. Miksch's sentence in this case: disparities among defendants are taken into account under 18 U.S.C. § 3553(a)(6) only where the other defendants have "similar records" and "have been found guilty of similar conduct." That is not the case here.

## IV. CONCLUSION

After careful review of the record and briefing in this case, and after speaking with Mr. Miksch at the January 11, 2013 hearing, the court has no reason to conclude that Mr. Miksch's

sentence was unreasonable under the facts of this case. No other non-frivolous issue is presented for appeal. Accordingly, the motion by Mr. Miksch's counsel to withdraw is also granted.

Mr. Miksch has been sentenced by the magistrate to a term of 10 months as to Count 1 of the Amended Information. That judgment is affirmed. To address Mr. Miksch's ongoing follow-up medical treatment needs, the term shall be intermittent. He shall be confined in the custody of the Bureau of Prisons for a term of 5 months, then after a 1 week period of release, shall be confined in the custody of the Bureau of Prisons for an additional 5 months.

Mr. Miksch's self-surrender date is extended to February 21, 2013. **Mr. Miksch shall self-surrender for service of sentence at the institution designated by the Bureau of Prisons before 2:00 p.m. on February 21, 2013**.

IT IS THEREFORE ORDERED that the Motion to Withdraw [Doc. # 175] is GRANTED. Gary Bonneaux is permitted to withdraw as counsel for Mr. Miksch after providing him with a copy of this Order.

IT IS FURTHER ORDERED that the Clerk is directed to send a copy of this Order to Mr. Miksch at the following address:

Mark Miksch
21 Tindel
Clear Lake Shores, Texas, 77565

So **ORDERED** and **SIGNED** this **16** day of **January, 2013.**

_____
Ron Clark, United States District Judge